**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael WINER, Defendant-Appellant.**

**No. 71-3497**

**Summary Calendar.**＊

United States Court of Appeals,
Fifth Circuit.

May 1, 1972.

Selig I. Goldin, Goldin & Turner, Gainesville, Fla., for defendant-appellant.

William H. Stafford, Jr., U. S. Atty., Pensacola, Fla., Clinton Ashmore, Tallahassee, for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

This case presents a tragic story of a young law student who entered a plea of guilty to possession of marijuana. The appellant, Michael J. Winer, a law student at the University of Florida was charged with unlawfully, knowingly and intentionally possessing a quantity of marijuana in violation of 21 U.S.C. § 844(a). Represented by privately retained counsel, the defendant entered a plea of guilty and was sentenced to the custody of the Attorney General for an indeterminate period under the Federal Youth Corrections Act, 18 U.S.C. § 5010(b).[1] The record indicates that the plea was entered knowingly and voluntarily. On this appeal the appellant contends that the district court grossly abused its discretion in imposing such a harsh sentence upon him.

At the sentencing hearing Winer admitted that he had sold one ounce of marijuana to an undercover agent, but indicated that the sale was made under circumstances of duress or entrapment. On appeal he argues that the district court gave undue weight to the fact of sale in sentencing him to an indetermi-

＊ ▇ Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. A youth offender committed under this section may be imprisoned for not more than four years, plus an additional two years paroled supervision upon release. 18 U.S.C. § 5017(c).

nate commitment as a first offender convicted of unlawful possession of marijuana. As we view the cases we are unable to conclude that there was a gross abuse of discretion by the trial court even though this court may not have imposed so severe a sentence.

 Although we feel bound to affirm the judgment, we do give emphasis to Rule 35 F.R.Crim.P. which permits a district court in its discretion to reduce the sentence within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment. While that discretion is in the trial court, and in that court alone, it appears that this may be an appropriate case for reconsideration under Rule 35. However considerations based upon compassion and mercy are for the trial court and we leave that determination to the district judge in this case.

Judgment affirmed.